UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

Serendip LLC,

                Plaintiff,

    vs.

Brémond Fabien,

                Defendant.

-------------------------------------------------------- x

17 CV 1197 (  )

**COMPLAINT**

Plaintiff Serendip LLC for its Complaint for copyright infringement, alleges as follows:

## PARTIES

1.  Plaintiff Serendip LLC (hereinafter "Serendip") is a limited liability company formed under the laws of the State of New York, with its principal place of business in this District, and is the owner of the copyrights in Wendy Carlos's music works and master sound recordings.

2.  Upon information and belief, Defendant Brémond Fabien (hereinafter "Fabien" or "Defendant") is a foreign individual residing in France, who uploads music videos to YouTube.com under the user name DJ BeFa.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction of this action for copyright infringement pursuant to 17 U.S.C. § 101 et seq. under 28 U.S.C. § 1338(a).

4.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c)(3), because the subject copyrights are situated in this district and the defendant does not reside in the United States.

## BACKGROUND FACTS

5.  Wendy Carlos arranged, orchestrated, performed and recorded music of J.S. Bach on the 1968 album "Switched-On Bach", which won three Grammy awards and served to propel Carlos and electronic music with the Moog synthesizer into the public consciousness, while spending many weeks on the lists of top selling classical and popular music albums. After a follow-up album which further demonstrated the unmatched style and quality of Carlos's music, Stanley Kubrick became interested in obtaining the services of Carlos to provide music for the motion picture "A Clockwork Orange", theatrically released by Warner Bros. in 1971. Pursuant to an agreement with Kubrick's production company, Wendy Carlos composed or arranged, orchestrated, performed and recorded six pieces of music over a period of more than one year for specific use in the soundtrack and trailer of the motion picture. "A Clockwork Orange" made the American Film Institute's list of 100 greatest motion pictures, and also appears on lists of the best motion picture music soundtracks.

6.  Compensation for the use of Wendy Carlos's music comes from royalties from sales of recorded media such as compact discs, performing rights royalties when the music is heard on radio, television or other venues pursuant to blanket licensing, and specific mechanical, synchronization and master use licenses required when the music is used in connection with audio recordings, motion picture, television or other video images, and radio or Internet uses. In general, following the early years after an album is released, the primary source of revenue for popular pieces of music arises from synchronization and master use licenses, and Serendip receives far more license requests for music from "A Clockwork Orange" soundtrack than any other music by Wendy Carlos.

7.  With the advent of the Internet and websites such as eBay.com and YouTube.com, Serendip has been forced to monitor the content of such sites for

the sale of pirate copies of Wendy Carlos's albums or the posting of her music on websites, unauthorized by Serendip or the law. In so doing, Serendip makes use of provisions of the Digital Millennium Copyright Act (DMCA), pursuant to 17 U.S.C. § 512, to protect Serendip's copyrights. Upon information and belief, since 1998, Serendip has found hundreds of unauthorized phonorecords of Wendy Carlos's music for sale on eBay.com or other websites, and since 2007, thousands of unauthorized uses of her music on YouTube.com, with the majority utilizing Wendy Carlos's music from "A Clockwork Orange" soundtrack.

## SERENDIP'S COPYRIGHTS

8. Wendy Carlos's music at issue in this action, entitled "Title Music From A Clockwork Orange", was used in the soundtrack of the motion picture "A Clockwork Orange." The unpublished score of this music was registered for copyright in the U.S. in 1971, with Registration Certificate EU297051, and the copyright renewal by Serendip was registered in 2009, with registration certificate RE 930-776. The master sound recordings for the music used in "A Clockwork Orange" soundtrack were fixed in a phonorecord and registered for copyright in the U.S. in 1972, with Registration Certificate N2920. Serendip, as the present owner of Wendy Carlos's master sound recordings, renewed the U.S. copyright in the Clockwork Orange master sound recording, in 2000, with Registration Certificate RE 851-992.

9. The copyright for the master sound recordings for Wendy Carlos's complete score music for "A Clockwork Orange", including music not used in the motion picture, as published on a phonorecord, was registered by Serendip in the U.S. in 2007, with Registration Certificate SR0000610074.

10. Serendip's copyrights are protected in France and throughout most of the world under the laws of those countries and through the operation of the various copyright conventions of which the United States is a member, including,

without limitation, the Berne Convention, effective March 1, 1989.

11. Serendip is the owner of the worldwide copyrights in Wendy Carlos's music and sound recording works relevant to the present claims of this action. Serendip has never assigned the copyrights in such music and sound recording works to any other entity.

## U.S. COPYRIGHT INFRINGEMENT

12. Serendip incorporates by reference paragraphs 1 – 11 as if set forth herein.

13. Without permission or license from (and unbeknownst to) Serendip, various persons have made derivative works of the music and sound recording works "Title Music From A Clockwork Orange" by Wendy Carlos in music tracks, including a rap/hip-hop track entitled "Agent Orange" by an American citizen, Christian Palko, known by stage names such as Cage and Kennylz. produced and released for public sale in the United States and worldwide by various record companies. When Christian Palko ("Cage"( recorded his performances of "Agent Orange", he incorporated an approximately one minute recorded "sample" making use of the music and sound recording works taken from a phonorecord of Wendy Carlos's "Title Music From A Clockwork Orange." The sample was used by Cage as a clearly audible background music accompaniment, looped continuously and repeated throughout the approximately 5 minute "Agent Orange" piece. Serendip only recently became aware, through discovery of applicable videos on YouTube.com, of the use by "Cage" of the music and sound recording works "Title Music From A Clockwork Orange", in various music and sound recording works released for public distribution, sale and performance.

14. Upon information and belief, during January 2017, Defendant Fabien, with the user name DJ BeFa, uploaded to YouTube.com, a website based in the USA, two videos of different performances by "Cage" of the "Agent Orange" track,

4

containing copies of the music and sound recording works "Title Music From A Clockwork Orange" by Wendy Carlos, and thereby granting YouTube, by its terms of service, "a worldwide, non- exclusive, royalty-free, sublicenseable and transferable license to use, reproduce, distribute, prepare derivative works of, display, and perform the Content in connection with the Service and YouTube's (and its successors' and affiliates') business, including without limitation for promoting and redistributing part or all of the Service (and derivative works thereof) in any media formats and through any media channels." Defendant also thereby granted "each user of the Service a non-exclusive license to access [the] Content through the Service, and to use, reproduce, distribute, display and perform such Content as permitted through the functionality of the Service and under these Terms of Service." YouTube maintains a primary office in this district, from which, upon information and belief, it sells advertising and licenses music for promotion and streaming on its website, and shares revenues with YouTube licensors.

15. Defendant's derivative use of Wendy Carlos's music and recording works would require two separate copyright licenses: a mechanical license for reproducing the music and a master use license for using the sound recording for "Title Music From A Clockwork Orange." Wendy Carlos's works for "A Clockwork Orange" have been licensed by Serendip on multiple occasions, with individual copyright license fees offered by licensees as high as $30,000, meaning $60,000 total for the two licenses. Serendip has previously established a minimum individual license fee of $5,000 for any of Wendy Carlos's music, which in the instant case would total $10,000 for the two licenses required. Defendant's gratuitous and unlicensed use of Serendip's copyrighted works has a deleterious effect on the potential future market and value of these works.

16. Defendant has actual or constructive notice that Wendy Carlos's music and sound recording works are copyrighted and that the copyrights for the works are registered by Serendip in the United States Copyright Office. However,

Defendant did not contact Serendip or Wendy Carlos, or anyone, to inquire about obtaining the required copyright licenses for his proposed use.

17. On January 22, 2017, and January 29, 2017, Serendip submitted to YouTube.com DMCA takedown notices pursuant to 17 U.S.C. § 512(c)(1)(C), alleging that Defendant's video use of Serendip's copyrighted music and sound recording works was not authorized by Serendip or the law. After YouTube disabled access to Defendant's videos on YouTube.com, Defendant submitted a DMCA counter-notification pursuant to 17 U.S.C. § 512(g)(2), alleging that the videos were removed due to a mistake or misidentification of the material to be removed, and consenting to jurisdiction of a Federal District Court in the United States for a legal action arising from the counter-notification. On or about February 2, 2017, YouTube provided Serendip with a copy of the counter-notification, and notified Serendip and Defendant that, as a result of the counter-notification, Serendip must file a federal court action within 10 business days or YouTube may reinstate the videos to YouTube.com.

18. Following receipt of the Defendant's DMCA counter-notification, Serendip contacted Defendant by email in an attempt to resolve the matter amicably. Serendip attempted to clarify the copyright issues involved and offered terms which would have resulted in clearing Defendant's YouTube account of the effects of the copyright infringement notice filed by Serendip, while at the same time protecting Serendip's copyright interests. Unfortunately, Defendant rejected the offer, stating that he had purchased a compact disk and was free to use the tracks on YouTube, and in any event that he was "French" and would "never come to the USA", even though in his DMCA counter-notification, he consented: "… to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."

19. Defendant has infringed Serendip's exclusive rights in its copyrighted music and sound recording works, "Title Music From A Clockwork Orange", registered in the U.S. Copyright Office, by, *inter alia*, reproducing these works in copies and distributing and publicly performing these works, including the sound recording by means of a digital audio transmission, in videos uploaded to YouTube.com. These videos serve to promote, for the financial gain of various entities, derivative music works, based upon Serendip's copyrighted works, as reproduced in digital copies and phonorecords, distributed to the public in the USA. Defendant therefore has directly infringed Serendip's exclusive rights of reproduction, distribution to the public and public performance of musical and sound recording works under 17 U.S.C. § 106(1), (3), (4) and (6).

20. Defendant's acts of infringement have been purposeful, and prospectively willful, in disregard of and indifferent to Serendip's rights.

21. As a direct and proximate result of Defendant's infringement of exclusive rights under Serendip's copyrights, Serendip is entitled to statutory damages for each copyright pursuant to 17 U.S.C. § 504.

22. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Serendip great and irreparable injury that cannot fully be measured or compensated in money. Serendip is without an adequate remedy at law. Pursuant to 17 U.S.C. § 502, Serendip is entitled to a permanent injunction prohibiting the Defendant from taking any action which infringes any of the exclusive rights under Serendip's copyrights in the respective music and sound recording works, including, without limitation, reproducing the works in copies, uploading a video containing any such work to YouTube.com or any other website, distributing the works to the public, and publicly performing the music work, and the sound recording work by means of a digital audio transmission..

WHEREFORE, Serendip prays for relief against Defendant Fabien, as

follows:

    (a)    for a declaration that Defendant has infringed Serendip's copyrights, including without limitation, the music copyright and the sound recording copyright for "Title Music From A Clockwork Orange;"

    (b)    that, pursuant to 17 U.S.C. § 504, Serendip be awarded its actual damages of $10,000, or, upon Serendip's election, statutory damages;

    (c)    that, pursuant to 17 U.S.C. § 502, Defendant be permanently enjoined from infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, Serendip's copyrights in the music and sound recording works "Title Music From A Clockwork Orange" in any manner, including, without limitation, uploading the works to YouTube.com or other websites;

    (d)    that, pursuant to 17 U.S.C. § 505, Serendip be awarded its costs and attorneys' fees; and

    (g)    such other and further relief to Serendip as this Court may deem to be just and proper.

Date:    New York, NY
           Febr. 16, 2017

By: _____s/_____
**Annemarie Franklin** (AF-3933)

Annemarie Franklin, Esq.
PO Box 1024 Cooper Station
New York NY 10276-1024
212-475-1630
sdenim@nyc.rr.com

*Attorney for Plaintiff*